UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC S. CAVATAIO,

Plaintiff,

v.

COMM'R OF SOC. SEC.,

Defendant.
_____/

Case No. 20-cv-11754

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

U.S. MAGISTRATE JUDGE
PATRICIA T. MORRIS

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#18], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#14] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#17] AND OVERRULING PLAINTIFF'S OBJECTIONS [#20]**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff Dominic S. Cavataio's ("Plaintiff") and Defendant Commissioner of Social Security's ("Defendant") Cross-Motions for Summary Judgment. The Court referred this matter to United States Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on May 17, 2021. ECF No. 18, PageID.1556. Judge Morris recommends that the Court deny Plaintiff's Motion for Summary Judgment [#14], grant Defendant's Motion for Summary Judgment [#17], and affirm the Commissioner's decision. *Id.*

1

Presently before the Court is Plaintiff's May 30, 2021, Objections [#20] to Magistrate Judge Morris's Report and Recommendation. ECF No. 20, PageID.1594. Defendant filed a Response to Plaintiff's Objections on June 14, 2021. ECF No. 21, PageID.1604. For the reasons that follow, the Court concludes that Magistrate Judge Morris reached the correct conclusion. The Court will therefore OVERRULE Plaintiff's Objections [#20], ACCEPT and ADOPT the Report and Recommendation [#18], DENY Plaintiff's Motion for Summary Judgment [#14], and GRANT Defendant's Motion for Summary Judgment [#17], and AFFIRM the Commissioner's decision.

## II. BACKGROUND

Plaintiff filed for social security benefits on March 30, 2017. ECF No. 12-2, PageID.68. The Commissioner denied Plaintiff's benefits application on September 15, 2017. *Id.* Plaintiff subsequently requested a hearing before an Administrative Law Judge ("ALJ") that was held on January 24, 2019, in Oak Park, Michigan. *Id.* Both Plaintiff and a vocational expert testified at the hearing. The ALJ found Plaintiff not disabled in a written decision three months later. *Id.* at PageID.78.

The ALJ applied the traditional five-step framework used to evaluate whether an applicant is disabled, and thus eligible for social security benefits. *Id.* at PageID.68–69. Although Plaintiff had some severe physical impairments,

including lower extremity edema—swelling of the lower body—the ALJ determined that the impairments did not satisfy the criteria for a medical listing under Sections 1.04, 4.02, 4.11, and 11.14 of the Listings. *Id.* at PageID.70–73. Plaintiff could perform light work as defined under 20 C.F.R. § 416.967(b), the ALJ found, but that Plaintiff cannot climb ladders, ropes, or scaffolds due to his impairments. *Id.* at PageID.73. Plaintiff's edema also began improving after March 30, 2017, the ALJ also noted. *Id.* at PageID.75. She concluded that Plaintiff could perform his past work as an inspector, or many other jobs in the national economy. *Id.* at PageID.77–78. Step Four instructs ALJ's to deny benefits to claimants who can perform past work. ECF No. 12-2, PageID.70. After reviewing Plaintiff's entire medical history, the ALJ found Plaintiff not disabled nor entitled to benefits.

Plaintiff appealed the ALJ decision to the Social Security Administration Appeals Council, which denied review on May 7, 2020. Over a month later, Plaintiff sought judicial review. The parties filed cross motions for summary judgment, which the Court referred to Magistrate Judge Morris. ECF No. 18, PageID.1556. Magistrate Judge Morris released a Report and Recommendation on May 17, 2021, which recommended denying Plaintiff's motion for summary judgment, granting the Commissioner's motion for summary judgment, and affirming the Commissioner's decision. *Id.* Plaintiff filed a timely objection

thirteen days after Magistrate Judge Morris entered her Report and Recommendation. ECF No. 20, PageID.1594.

### III. LEGAL STANDARD

Courts reviewing cases under 42 U.S.C. § 405(g) "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations omitted). Substantial evidence demands "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). "If the Commissioner's decision is supported by substantial evidence, 'it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.'" *Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 U.S. Dist. LEXIS 55305, at *3 (E.D. Mich. Mar. 20, 2016) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

"The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the

ALJ." *Id.* at *1. "The Court will not 'try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*

## IV. DISCUSSION

Plaintiff raises two objections to Magistrate Judge Morris's Report and Recommendation. For the reasons discussed below, the Court is unpersuaded by the arguments Plaintiff presents.

### A. Objection One

Plaintiff's first objection is that the Magistrate Judge erred in agreeing with the ALJ that "no evidence" required Plaintiff to raise his legs. ECF No. 20, PageID.1597. Cavataio claims a need to "elevate" his legs to help treat his lower extremity edema. Specifically, Plaintiff alleges the ALJ failed to consider his hearing testimony about elevating his legs, which should constitute a reversible error. *Id.* at PageID.1598.

Here, substantial evidence supports the ALJ's conclusion that Plaintiff's need to raise his legs was not a medically determinable impairment. Magistrate Judge Morris emphasized that the ALJ accounted for Plaintiff's medical history, including a hospital visit in November 2018, for extremity edema. ECF No. 18, PageID.1576. There, Plaintiff claimed a need "to elevate his legs for eight or more hours after standing for 1-2 hours." ECF No. 12-2, at PageID.75. The ALJ found:

> In contrast with the claimant's statements in November 2018, at other appointments during the period at issue in this claim, the claimant never mentioned a need to elevate his legs or to use the bathroom more frequently than normal. Moreover, there is no evidence that any doctor or other treating provider ever advised the claimant to elevate his legs during the period at issue in this claim.

ECF No. 12-2, at PageID.75. The ALJ concluded, based on the entire record, that no medical opinions supported Plaintiff's leg elevation claim. Plaintiff made the claim during one doctor's visit, and at no point did a medical professional advise leg elevation as a treatment for Cavataio edema. *Id.*

The Court agrees that Magistrate Judge Morris correctly found substantial evidence supports the ALJ's decision. Neither in his motion for summary judgment, nor his objections to the Report and Recommendation, does Plaintiff cite a single medical professional advising to elevate his legs as edema treatment. ECF No. 20, PageID.1599. Magistrate Judge Morris references State agency medical consultant doctor Isadro Amigo, who considered Cavataio's lower extremity edema. ECF No. 18, PageID.1577. The doctor found Plaintiff's edema did not impose limitations requiring him to elevate his legs, adding support to the ALJ's conclusion. *Id.* Dr. Amigo also found Cavataio's overall medical condition "not severe enough to keep [Plaintiff] from working" after considering his medical information, age, and background. ECF No. 12-3, PageID.154.

Plaintiff's reference to the November 2018 doctor's note discussing his edema does not support his objection either. ECF No. 20, PageID.1595. The

6

doctor's note, which the ALJ expressly referenced, mentions Plaintiff's lower extremity edema, but does not recommend Plaintiff raise his legs to alleviate pain. ECF No. 12-15, PageID.1500. Compared to the lack of medical opinions Cavataio references, the ALJ's consideration of Dr. Amigo alone constitutes substantial evidence supporting her decision. *See Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). As Magistrate Judge Morris correctly reasoned, "the burden of proof lies with the claimant" to illustrate how the ALJ erred, and he has not done so on the first objection. *See Herr v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Remand is therefore inappropriate on this claim and the Court will overrule Plaintiff's first objection.

### B. Objection Two

Plaintiff next objects to the ALJ's decision overall being supported by substantial evidence. Cavataio states that Magistrate Judge Morris and the ALJ discounted his "detailed hearing testimony," and that evidence of leg edema being secondary to severe heart condition is "illogical." ECF No. 20, PageID.1600. Defendant argues that Plaintiff has failed to demonstrate additional functional limitations warranting remand. ECF No. 21, PageID.1612.

The Court agrees with Defendant and deny remanding the matter for Plaintiff's second claim. First, the ALJ considered Plaintiff's hearing testimony. She found it unsupported by the record. Additionally, the ALJ's determination of

7

Plaintiff's hearing testimony is "afforded great weight" if supported by substantial evidence. *See Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 473 (6th Cir. 2014). As discussed above, Plaintiff presented no medical opinions supporting his testimony regarding his edema treatment. The ALJ, however, found that (1) Plaintiff's edema improved over time, and (2) no doctors recommended that Plaintiff must have opportunities to elevate his legs. The Court will therefore affirm the ALJ's determination regarding Plaintiff's hearing testimony.

Magistrate Judge Morris emphasized that despite Plaintiff arguing his edema "never subsided," no medical evidence on the record supports that claim. ECF No. 18, PageID.1579. Instead, the record illustrates that Plaintiff's edema improved over time, and that Plaintiff can return to performing his past work. Plaintiff directs the court's attention to times he complained about his lower extremity edema, and moments doctors or occupational therapists noted or observed his edema. ECF No. 20, PageID.1601. But medical care providers acknowledging Plaintiff's edema does not overcome the substantial evidence supporting the ALJ's decision. Accordingly, Plaintiff's second objection fails as well.

## V. CONCLUSION

For the reasons discussed above, the Court will ACCEPT and ADOPT Magistrate Judge Morris's Report and Recommendation [#18], as this Court's findings of fact and conclusions of law.

Plaintiff's Motion for Summary Judgment [#14] is DENIED.

Defendant's Motion for Summary Judgment [#17] is GRANTED.

Plaintiff's Objections [#20] are OVERRULED.

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 15, 2022 /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 15, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

9